1  **WO**

2  NOT FOR PUBLICATION

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

8

9  Jeannie T. Jones,                              )  No. CV-09-2384-PHX-GMS
                                                  )
10         Plaintiff,                             )  **ORDER**
                                                  )
11  vs.                                           )
                                                  )
12                                                )
    First National Bank of Arizona; Bank of       )
13  America; Title Pro LLC; Unknown Actor)
    1-3; Black and White Corporation 1-3, et)
14  al.,                                          )
                                                  )
15         Defendants.                            )
                                                  )

16  ─────────────────────────────

17         Pending before the Court is Defendant Bank of America's Motion to Dismiss[1] (Dkt.

18  # 8) and Plaintiff Jeannie T. Jones's Motion for Leave to Amend (Dkt. # 12).  For the

19  following reasons, the Court grants the Motion to Dismiss without prejudice and denies the

20  Motion for Leave to Amend without prejudice.

21                                  **BACKGROUND**

22         The initial Complaint alleges that Plaintiff had an ownership interest in a piece of real

23  property in Scottsdale, Arizona.  In September 2005, Plaintiff apparently entered into a

24  lending agreement with Defendants, at which time Defendants allegedly concealed material

25  information relating to the agreement.  The initial Complaint alleged five claims.  The first

26  three claims seem to allege a federal constitutional violations based on purported denials of

27  ─────────────────────

28         [1] All other Defendants were previously dismissed from this case. (Dkt. ## 9, 14.)

due process. The fourth claim may be construed as a conspiracy to commit lending fraud, and the fifth claim alleges only that Defendants were "state actors." The initial Complaint also lists, without explanation, several federal statutes, including 42 U.S.C. §§ 1981, 1983, 1985, 1988. Additionally, the Complaint alludes to "Federal Truth in Lending" requirements, although the initial Complaint does not explicitly delineate a claim based on the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*

The Amended Complaint alleges essentially the same facts as the initial Complaint. The Amended Complaint again raises five federal claims. Like the initial Complaint, the first three counts of the Amended Complaint discuss violations of the Constitution; the fourth claim may be construed as a TILA claim; and the fifth claim contends that Defendants acted under color of state law. The Amended Complaint also adds two state law claims based on various Arizona mortgage and anti-deficiency statutes.

## DISCUSSION

## I.     The Court Grants the Motion to Dismiss

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted).

Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Furthermore, "[a]lthough [the Court] construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986)). Even "a liberal interpretation of a . . . complaint may not supply [the] essential elements of [a] claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotations omitted).

### A. Plaintiff Fails To State Claims Based on the Constitution or 42 U.S.C. § 1983.

Plaintiff raises several claims based on the Constitution, and the Court construes those claims as being based on 42 U.S.C. § 1983. Plaintiff fails to state a claim because she has not plausibly alleged that Defendant acted under color of state law in depriving her of her constitutional rights. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also United States v. Morrison*, 529 U.S. 598, 621 (2000) (noting the "time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action" and explaining that the amendment "erects no shield against merely private conduct") (internal quotations omitted). While both the initial Complaint and the Amended Complaint broadly assert that Defendant acted under color of state law, the question of whether actions were committed under color of state law is a question of law for the Court and may be decided at the motion-to-dismiss stage. *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 344 n. 7 (4th Cir. 2000). Bank of America is a private entity, and Plaintiff has pled no facts supporting its legal conclusion that Bank of America acted under color of state law. Furthermore, Plaintiff fails to allege facts of a plausible violation of the Constitution or other relevant federal laws, as is required to

assert a Section 1983 claim.  Accordingly, the Court dismisses any claim based on 42 U.S.C. § 1983.[2]

**B.  Plaintiff Has Not Stated a Claim Based on 42 U.S.C. §§ 1981, 1985, or 1988.**

Without providing any factual support, Plaintiff mentions 42 U.S.C. §§ 1981, 1985, and 1988 in her Complaint.  None of these claims survives dismissal.

42 U.S.C. § 1981 "guarantees 'all persons' the right to 'make and enforce contracts.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing 42 U.S.C. § 1981(a)).  Section 1981 protects against only certain types of discrimination, such as classifications based on a person's race or citizenship. *See Sagana v. Tenorio*, 384 F.3d 731, 738–39 (9th Cir. 2004).  Plaintiff has not alleged discrimination based on these or any similar categories, and it is not otherwise apparent what, if any, Section 1981 claim she raises.

Plaintiff also fails to raise a Section 1985 claim.  To establish a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Sever v. Alaska Pulp Corp.,* 978 F.2d 1529, 1536 (9th Cir. 1992) (internal quotations omitted).  Further, the plaintiff must prove that the deprivation of a protected right was motivated by some racial, or otherwise class-based, invidious discriminatory animus. *Id.* Plaintiff has not alleged plausible facts supporting these elements, nor is it apparent from Plaintiff's pleadings how a § 1985 claim would lie.

42 U.S.C. § 1988 has two relevant parts.  Subsection (a) provides that in civil rights cases where federal law is "deficient in the provisions necessary to furnish suitable remedies

---

[2] The Amended Complaint also mentions 42 U.S.C. § 407, which governs the assignment of social security benefits.  To the extent Plaintiff attempts to raise a claim based on this statute, whether in combination with 42 U.S.C. § 1983 or otherwise, she fails to explain the basis for such a claim.

and punish offenses against the law," state law applies if it is not otherwise inconsistent with federal law.  42 U.S.C. § 1988(a); *see Felder v. Casey*, 487 U.S. 131, 139 (1988) ("[I]n federal-court litigation[] where . . . the federal civil rights laws fail to provide certain rules of decision thought essential to the orderly adjudication of rights, courts are occasionally called upon to borrow state law.") (citing § 1988).  Subsection (b) provides that "[i]n any action . . . to enforce a provision of section[] . . . 1983, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee[.]" 42 U.S.C. § 1988(b).  Plaintiff has alleged no facts and given no explanation indicating why the application of state law is necessary to furnish an appropriate civil rights remedy.  And because Plaintiff has not alleged a Section 1983 claim, Plaintiff has no claim under Section 1988 for attorney's fees.

### C.  Plaintiff Fails To State a TILA Claim.

Both the original Complaint and the Amended Complaint assert a TILA claim, but neither includes sufficient plausible facts to survive dismissal.  The Complaint states only that "Plaintiff did in fact learn that funds had been disbursed in amounts not reflected in Federal Truth in Lending Disclosure Statement promoted by Defendants" and that "Defendants acted to violate Plaintiff['s] right to Due Process by providing misleading information in the process of Lending." (Dkt. # 1 at 2, 3.)  Upon review of the Amended Complaint, it appears that the only statement relevant to a TILA claim is the following, "Defendant . . . did insert[] itself in ways that denied Plaintiff the ability to challenge critical factors following newly discovered evidence under Truth in Lending Act, denied due process lending document; fraudulent conveyance of real proper[ty] at heart is actual[.]" These statements lack sufficient factual detail to raise plausible claims under *Iqbal*, 129 S. Ct. at 1949, and *Twombly*, 550 U.S. at 556.  Plaintiff's Response likewise provides no clarification of what type of TILA claim she wishes to raise, what type of misleading information was given, what disbursement of funds occurred, or what newly-discovered evidence supports a TILA claim.

In addition to the lack of factual detail, the TILA claim likely fails on statute-of-limitations grounds.  The statute of limitations for a TILA damage claim requires that a

Plaintiff bring an action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he limitations period . . . runs from the date of consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986), *cert denied*, 484 U.S. 802 (1987). The Complaint alleges that "[o]n September 1, 2005, Defendants induced Plaintiff to accept a binding of real property." (Dkt. # 1 at 2.) Assuming this statement refers to the loan transaction, Plaintiff would have had to bring her claim one year later—by August 31, 2006. *See* 15 U.S.C. § 1640(e). Plaintiff, however, filed this case on November 13, 2009—more than three years after the limitations period had expired.

To the extent Plaintiff may argue that her claim was timely due to equitable tolling based on Defendants' fraudulent concealment facts supporting a cause of action, Plaintiff would have to meet the particularity pleading requirements of Federal Rule of Civil Procedure 9(b). *See Wasco Prods., Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 991–92 (9th Cir. 2006) (requiring a plaintiff to meet Rule 9(b) pleading standards where plaintiff's tolling argument sounds in fraud); *Guerrero v. Gates*, 442 F.3d 697, 707 (9th Cir. 2006) (affirming dismissal on statute of limitations grounds because plaintiff "failed to plead with particularity" any facts supporting tolling). Federal Rule Civil Procedure 9(b) requires that a plaintiff "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under this rule, a plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (internal quotations omitted). In addition to these requirements, a plaintiff must allege that he or she acted with due diligence to ascertain the truth. *FEC v. Williams*, 104 F.3d 237, 241 (9th Cir. 1996) (holding that under the doctrine of fraudulent concealment, a plaintiff must establish "due diligence by the plaintiff until discovery" of the concealment of operative facts); *Collins v. Nationalpoint Loan Servs.*, 2009

WL 3213979 at *3 (S.D. Cal. Sept. 29, 2009) (rejecting tolling argument and dismissing TILA claim because the plaintiff did not allege facts supporting due diligence).

## II. The Court Declines To Exercise Pendant Jurisdiction.

When a district court "dismisses [federal claims] leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989). Only in the "unusual" case should federal courts retain jurisdiction over the state law claims. *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994). In this determination, courts consider "economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Court has determined that the Complaint fails to state a cognizable federal claim. To the extent the Complaint may be construed to raise any state law claims, therefore, those claims are dismissed without prejudice. Economy, convenience, and fairness all favor dismissal of any state law claims, as this case is early in the proceedings and the parties offer no reason why federal jurisdiction is necessary to a fair resolution of this case.[3]

## III. The Court Denies the Motion for Leave to Amend Without Prejudice.

The Court need not grant a motion to amend if amendment would be futile. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). A motion for leave to amend is futile if it can be defeated on a motion for summary judgment. 785 F.2d at 766. "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Here, the proposed Amended Complaint adds no facts that make any of its federal claims plausible. To the contrary, the Amended Complaint includes legal conclusions, lacks factual detail, and

---

[3] Although the Court does not address any state law claims, a cursory reading of both the Complaint and the Amended Complaint indicates that, to the extent Plaintiff intends to raise state law claims, those claims may also suffer from insufficient pleading requirements under *Twombly* and *Iqbal*.

fails to isolate cognizable or discernible legal authority supporting any of Plaintiff's claims. Accordingly, the Court denies the Motion for Leave to Amend Without Prejudice.[4]

Although the Court finds that the proposed Amended Complaint is insufficient, denial of leave to amend is without prejudice, and Plaintiff may again seek leave to amend in accordance with the Federal and Local Rules of Civil Procedure. Should Plaintiff again seek to amend, she must state what rights she believes were violated, the name of the person, persons, or entities who committed each violation, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct. *See Rizzo v. Goode,* 423 U.S. 362, 371–72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. The proposed complaint must also state why the federal court has jurisdiction over Plaintiff's claims. Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8(a) and (d)(1) of the Federal Rules of Civil Procedure, as well as the pleading standards set forth in *Iqbal*, 129 S. Ct. at 1949, and *Twombly*, 550 U.S. at 556.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 8) is **GRANTED WITHOUT PREJUDICE**.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] To the extent the Amended Complaint alleges state law claims, the Court need not consider those claims because the Court has declined pendent jurisdiction over any such claims.

1    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend (Dkt.

2    # 12) is **DENIED WITHOUT PREJUDICE**.

3    **IT IS FURTHER ORDERED** that this action is dismissed without prejudice.  The

4    Clerk of the Court is directed to terminate this action.

5    DATED this 17th day of June, 2010.

6

7    _____

8    G. Murray Snow
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28